## Veve *v.* Lloreda, Juez de Distrito.

Solicitud para que se expida mandamiento de *certiorari.*

No. 72.—Resuelto en mayo 5, 1911.

Expropiación Forzosa—Partes Interesadas—Dueño—Arrendatario.—De acuerdo con la sección 4 de la Ley de Expropiación Forzosa de marzo 12, 1903, enmendada en marzo 12, 1908, el procedimiento debe dirigirse contra el dueño o dueños del terreno que se trate de expropiar, pero en el caso de que dicho terreno estuviere arrendado, el arrendatario tiene derecho a intervenir en el procedimiento y a ser considerado realmente como parte interesada en el mismo.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Manuel Tous Soto.*

Abogados de la parte contraria: *Sres. Garvan & Armstrong y Luis Muñoz Morales.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Este es un caso de *certiorari.* Presentada la solicitud, se expidió el auto dirigido contra el Juez de la Corte de Distrito de Humacao, ordenándosele que remitiera las actuaciones originales en el pleito de *The Fajardo Development Co.* v. *Miguel Zalduondo Veve,* sobre expropiación forzosa, y se señaló la vista del recurso para el 26 de abril último. En dicho día comparecieron, por medio de sus abogados, la peticionaria y la demandante en el pleito indicado en informaron oralmente, presentando además la dicha demandante un alegato escrito y concediéndose a la peticionaria tres días para contestarlo.

Examinado el caso en su totalidad, resulta que The Fajardo Development Co., una corporación organizada e incorporada bajo las leyes del Estado de Connecticut, debidamente autorizada para hacer y haciendo negocios en Puerto Rico, entabló en la Corte de Distrito de Humacao el 1 de octubre de 1910, demanda contra Miguel Zalduondo Veve sobre expropiación de cierta faja de terreno de su propiedad, que se estimó necesaria para la construcción de un ferrocarril.

Discutidas y resueltas las excepciones previas y moción para eliminar del demandado, la corte de distrito señaló finalmente el día 21 de abril de 1911 para la celebración de la vista.

Así las cosas, el día 11 de abril de 1911, compareció ante la corte de distrito Clotilde Veve, viuda de Vaamonde, y alegando su interés en el pleito por ser arrendataria del terreno que se intentaba expropiar, solicitó que se la considerara como parte necesaria en el mismo, que se archivara cierto escrito de excepciones previas que acompañaba y que se suspendiera la vista.   Y la Corte de Distrito resolvió:

"Hoy 12 de abril de 1911 la corte resuelve: a la solicitud de intervención en este caso, presentada por Doña Clotilde Veve; aunque no se acompaña por la peticionaria, la escritura de arrendamiento, a que se refiere su solicitud, y que comprueba su carácter de arrendataria de la finca objeto de expropiación, la corte en virtud del interés que la peticionaria alega tener, en los daños o perjuicios ocasionados por la expropiación de la finca, que dice ocupa, como arrendataria; y de acuerdo con la sección 5ª. de la ley sobre expropiación forzosa, enmendada por ley de 12 de marzo de 1908, autoriza a la solicitante doña Clotilde Veve, Vda. de Vaamonde, para comparecer y alegar su derecho por lo que respecta al interés que en la propiedad tuviere o reclamare, en el juicio señalado para el día 21 de los corrientes, sin que haya lugar a considerarla como parte necesaria, pues este concepto corresponde solamente al propietario del terreno, conforme a la sección 4ª. de dicha ley de expropiación.   Se desestima, por tanto, la suspensión del juicio solicitada, y la de radicación de un pliego de excepciones previas; debiendo la parte peticionaria notificar esta resolución a la demandante."

La peticionaria alega que habiéndosele negado el carácter de parte en el pleito sobre expropiación y su derecho a radicar excepciones previas en el mismo, se cometió por la corte de distrito un error de procedimiento que debe corregirse por esta Corte Suprema dentro de este recurso de *certiorari*.

La sección 4 de la ley sobre expropiación forzosa de 1903,

enmendada en 1908, dispone que hecha la declaración de utilidad pública de una obra, si los dueños de la propiedad que haya de ser expropiada no se aviniesen por cualquier motivo a consentir la expropiación o expropiaciones que aquella requiera, determinará ello una causa de acción en favor del que haya de realizar dicha obra y podrá éste ejercitarla contra los mencionados propietarios ante la Corte de Distrito del Distrito Judicial en que radique el todo o parte de la propiedad de que se trate y en la forma ordinaria que el Código de Enjuiciamiento Civil determina para el ejercicio de las acciones.

El procedimiento debe dirigirse, pues, como se dirigió en el presente caso, contra los propietarios, por ser ellos los fundamentalmente interesados, ya que se trata de privarlos, por causa de utilidad pública y previo el pago de la indemnización correspondiente, de aquello que legítimamente les pertenece.

Pero como es posible que existan otros interesados en la propiedad que se intente expropiar que puedan resultar perjudicados con la expropiación, el legislador también dispuso en la mencionada ley, sección 5ª. enmendada, que todas las personas que ocuparen cualquiera de las propiedades descritas en la demanda, o que tuvieren o pretendieren tener cualquier interés en la misma, o en los daños y perjuicios ocasionados por la expropiación, aunque no se les mencionare en ella, podrán comparecer y alegar su derecho, cada una por lo que respecta al dominio o interés que en la propiedad tuviere o reclamare de igual modo que si su nombre figurare en la demanda.

Si es cierto que la peticionaria tiene arrendados los terrenos que se trata de expropiar, su derecho a intervenir en el pleito de expropiación es indiscutible, de acuerdo con la ley y la jurisprudencia. Esta Corte Suprema en el caso de *The American Railroad Company of Porto Rico* v. *José Vicente Quiñones,* decidido el 11 de enero de 1909, dijo:

"Los derechos, no sólo del propietario, sino que también de cualquier arrendatario deben tenerse en consideración por la corte que dicte una sentencia en un procedimiento de expropiación forzosa. El propietario tiene derecho a percibir el valor de su terreno y de cualesquiera daños causados con la privación de la propiedad; el arrendatario tiene derecho a percibir el valor del arrendamiento de la propiedad tomada y de cualesquiera daños que sufra por la destrucción de cosechas y demás, y esta indemnización debe pagarse tanto al propietario como al arrendatario, caso de haberlo, antes de que pueda disponerse de la propiedad para el uso público indicado."

Iniciado el pleito de expropiación contra el verdadero dueño de los terrenos, se inició de acuerdo con la ley. El hecho de que la arrendataria de dichos terrenos no figurara como parte demandada, no daña en manera alguna el procedimiento. En cuanto la dicha arrendataria quiso gestionar en el pleito, lo hizo y la corte se lo permitió, pero errando, a nuestro juicio, al no considerarla como parte necesaria en el pleito, pues una vez que se demuestra la existencia de un arrendatario que alega que tiene interés en el asunto y que se le causarán daños y perjuicios con la expropiación, tal arrendatario es parte en el procedimiento.

Entendemos que la corte de distrito erró también al no permitir que la peticionaria archivara su escrito de excepciones previas. La corte debió permitir que tal escrito se archivara y si era por sus méritos improcedentes, debió haberlo desestimado. Si la Corte estaba convencida de que tales excepciones eran manifiestamente improcedentes y se presentaban con el solo objeto de dilatar el procedimiento, debió rechazarlas por tales razones, haciendo constar siempre que la arrendataria tenía abierto el procedimiento para alegar su derecho por escrito y probarlo en el acto de la vista.

En virtud de todo lo expuesto, debe anularse la orden de la Corte de Distrito de Humacao de 12 de abril de 1910 dictada en el dicho pleito de *The Fajardo Development Co.* v. *Miguel Zalduondo Veve,* sobre expropiación y devolverse los

autos a la mencionada corte para que continúe actuando en una forma que no sea inconsistente con esta opinión.

*Con lugar la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.